# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL AND AMY SILVAGGIO** | : | |
| on behalf of their child, | | |
| John Doe | : | |
| 850 Euclid Ave. Ste. 701 | | |
| Cleveland, OH 44114 | : | |
| Plaintiffs, | : | **C O M P L A I N T** |
| -vs- | | |
| | : | Trial by Jury Endorsed Hereon |
| **ASHTABULA AREA CITY SCHOOLS** | : | |
| **BOARD OF EDUCATION** | | |
| 6610 Sanborn Road | : | |
| Ashtabula, OH 44004 | | |
| | : | |
| and | | |
| | : | |
| **SHAWNTEL SIX**, in her official and personal | | |
| capacity | : | |
| 6610 Sanborn Road | | |
| Ashtabula, OH 44004 | : | |
| | | |
| Serve also at | : | |
| | | |
| **SHAWNTEL SIX**, in her official and personal | : | |
| capacity | | |
| 35 Russell Avenue | : | |
| Niles, OH 44446 | | |
| | : | |
| and | | |
| | : | |
| **JANIE CAREY**, in her official and personal | | |
| capacity | : | |
| 6610 Sanborn Road | | |
| Ashtabula, OH 44004 | : | |
| Defendants. | : | |

## INTRODUCTION

1. This is an action brought to secure enforcement of federally protected rights arising out of governmental misconduct, encroachment and abuse in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and in its application as well as state law claims.

2. The Plaintiff seeks declaratory, injunctive relief, damages and attorneys' fees.

## CLAIMS AND JURISDICTION

3. This action is initiated pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983, to redress the deprivation under color of law, statue, ordinance, regulation, custom or usage of rights, privileges and immunities secured to plaintiffs under the Fourth and Fourteenth Amendment to the United States Constitution.

4. Jurisdiction is invoked pursuant to 28 U.S.C §§ 1331 and 1343(a)(3) and (4). To the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. §§ 2201 and 2202.

5. At all times relevant to this complaint, Defendants have acted under color of law and under color of the statutes, ordinances, charter, regulations, customs, usages and practices of local government and a government official of the city of Ashtabula, Ohio.

6. With respect to state law claims, jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

## PARTIES

7. Plaintiffs Michael and Amy Silvaggio, on behalf of their son, John Doe, are persons who reside in Ashtabula County within the jurisdiction of the United States District Court for the Northern District of Ohio.

8. Defendant Ashtabula Area City Schools Board of Education is part of a political subdivision of the State of Ohio charged with the administration of a public school district,

is obligated to operate pursuant to the rules and regulations of the State of Ohio and pursuant to obligations under the Constitution of the State of Ohio and the United States, and is an entity operating public education in and around the City of Ashtabula and others and is otherwise responsible for the formulation, implementation and enforcement of all policies, practices, procedures, acts and conduct regarding the administration of matters affecting the children attending public schools in those communities and regarding the administration of matters affecting the children, family, employees and board members of the District.

9. Defendant Shawntel Six is or was an intervention specialist for the Defendant Ashtabula Area School District who was at all relevant times employed by the Ashtabula Area School District.

10. Defendant Janie Carey is a principal for the Defendant Ashtabula Area School District who was at all relevant times employed by the Ashtabula Area School District.

### Count I

### PROCEDURAL AND SUBSTANTIVE DUE PROCESS CLAIMS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED (CLAIMS AGAINST ALL DEFENDANTS)

11. Plaintiffs reassert the foregoing allegations and incorporate them by reference as if fully set forth herein.

12. Michael and Amy Silvaggio are the parents of John Doe.

13. In 2017, John Doe attended Michigan Primary School within the Ashtabula Area City School District.

14. In 2017, John Doe was in third grade.

15. John Doe has been diagnosed with numerous learning disabilities and autism.

4 | P a g e

16. Joe Doe is on a plan mandating Defendant Ashtabula Area School District's responsibility to accommodate the disabilities for which he suffers.

17. Intervention specialists are placed in classrooms with children with special needs to protect the children and to ensure that the school offers a safe learning environment.

18. On December 20, 2017, John Doe was accused by Defendant, Shawntel Six ("Six") of entering a ball pit where he did not belong.

19. In response to John Doe entering the ball pit, Six screamed at John Doe to get out.

20. John Doe willingly exited the ball pit.

21. After John Doe got out of the ball pit, Six forced him into the classroom bathroom.

22. Once inside the bathroom, Six placed her hands around John Doe's neck and choked him while yelling at him.

23. After releasing John Doe, he vomited on the floor.

24. This infuriated Six even further.

25. Six told John Doe that he needed to clean up his own vomit and proceeded to close the door.

26. Six told John Doe he could not come out of the bathroom.

27. John Doe screamed and begged to be released.

28. John Doe escaped from the bathroom while Six was not looking.

29. Six chased John Doe and caught him.

30. Six then dug her nails into the back of John Doe's neck.

31. Six dragged John Doe back to the bathroom by the back of his neck.

32. John Doe escaped from the bathroom two additional times.

33. Each time, Six chased John Doe and caught him.

34. Each time, Six dug her nails into the back of John Doe's neck and dragged him back to the bathroom.

35. John Doe's neck was bleeding as a result of Six's actions.

36. After the third time being dragged back to the bathroom, John Doe sat down and began to pray.

37. Six finally released John Doe from the bathroom.

38. Following the assault and battery, John Doe's parents, Michael and Amy, were called to the school.

39. Amy arrived at the school following the request to come pick up her son.

40. Upon arrival, Amy was told that Six injured John Doe.

41. After arriving home that day, Amy discovered the wounds on John Doe.

42. John Doe's wounds were bleeding.

43. Over the next few days, one of the wounds became infected and required additional treatment.

44. Following the assault and battery, John Doe routinely cried and obsessively sought to take numerous showers.

45. John Doe then began seeing a counselor for mental health treatment as his mental health had appeared to deteriorate following the assault by Six.

46. To this day, John Doe still wakes up from nightmares of the assault and fears seeing Six out in the community.

47. Following the school's winter break, Amy and Michael requested a meeting with Michigan Primary School's principal, Janie Carey ("Carey") and Six.

48. Carey questioned the Silvaggios regarding why a meeting was even necessary.

49. Carey met with the Silvaggios and explained to them that suing the school would be a waste of time for them.

50. The Silvaggios had not even mentioned the possibility of filing a lawsuit at that time and were confused by Carey's comments.

51. A subsequent meeting was set up between the Silvaggios, Carey and Six.

52. Prior to the meeting beginning, Carey and Six required John Doe to enter a conference room with them away from his parents.

53. Carey informed Amy and Michael that they were prohibited from going into the conference room.

54. Carey physically stopped Amy from entering the room by placing her arm in front of Amy's chest.

55. After ten minutes alone with Carey and Six, John Doe emerged visibly anxious and upset.

56. Six then asked John Doe, "How did I touch you before you threw up?" to which John Doe responded, "Mom, she told me to tell you she grabbed me by the chin, but she had her hand wrapped around my throat and that is why I threw up."

57. Six then dropped her head and stated, "that is not what we discussed."

58. Amy and Michael were stunned at the efforts to manipulate their eight-year-old mentally disabled son's testimony.

59. Following the meeting, John Doe suffered additional anxiety.

60. Following the assault and battery, no formal report was immediately generated by school officials.

61. Following the assault and battery, no investigation was timely completed.

62. Following the assault and battery, Six was permitted to continue working with students with disabilities.

63. Following John Doe's third-grade year, he advanced to fourth grade.

64. During his fourth-grade year, John Doe was routinely targeted by the teacher and was moved into a different classroom.

65. In November of 2020, roughly three years after the assault and battery occurred, an "investigation report" was generated by the district.

66. An incident of violence committed by an educator against a student, which the district was well aware, was not investigated for roughly three years while John Doe continued to suffer.

67. Upon information and belief, Six had other complaints of inappropriate conduct relating to students.

68. Defendant Ashtabula Area Schools failed to properly train its employees in responding to and caring for a disabled child.

69. Defendants Carey and Six intentionally separated John Doe from his parents in an effort to manipulate his testimony regarding the assault and battery.

70. The acts and conduct of Defendants were wanton and reckless.

71. As a result of the acts and conduct by Defendants, John Doe was deprived of his personal and individual rights ensured under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

72. As a result of the acts and conduct of Defendants, John Doe has suffered from the assault which has resulted in significant emotional distress, physical injuries, as well as pain and suffering.

73. The acts and conduct of Defendants resulted as a consequence of their deliberate indifference to the rights of John Doe and in derogation of the due process rights of the John Doe.

### Count II

### CLAIMS UNDER THE FOURTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES
### (CLAIMS AGAINST ALL OF THE DEFENDANTS)

74. Plaintiffs reassert the foregoing allegations and incorporate them by reference as if fully set forth herein.

75. As an intervention specialist, Defendant Shawntel Six acted under the authority of her governmental position and under color of state law on behalf of Defendant Ashtabula Area School District.

76. As a result of the acts and conduct by Defendants, John Doe, was deprived of his personal and individual rights insured under the Fourth Amendment to the Constitution of the United States.

77. Defendant Six, while acting under color of state law, detained and attacked a mentally disabled child.

78. Defendant Six dug her nails into John Doe, choked John Doe, forced John Doe to clean up his own vomit and held John Doe in a bathroom against his will.

79. In order to cover up Six's actions, Defendants Six and Carey forced John Doe into a conference room with them and attempted to manipulate him into lying about what had occurred.

80. As a result of the acts and conduct of Defendants, John Doe, has suffered physical and mentally.

81. The acts and conduct of Defendants were wanton and reckless.

82. John Doe's loss is irreparable because it will be impossible to restore a stable emotional state prior to his rights being violated by Defendants.

83. The acts and conduct of Defendants were based on deliberate indifference to the rights of a disabled child and in derogation of the due process rights of John Doe.

## Count III

### CLAIMS ARISING OUT OF DEFENDANT ASHTABULA AREA SCHOOL'S FAILURE TO TRAIN, RETENTION, SUPERVISION AND NEGLIGENT HIRING (CLAIMS AGAINST DEFENDANT ASHTABULA AREA SCHOOLS BOARD OF EDUCATION)

84. Plaintiffs reassert the foregoing allegations and incorporate them by reference as if fully set forth herein.

85. Defendant Ashtabula Area Schools is obligated to screen new hires and ensure that those they hire are not prone to assaulting or violating the rights of students.

86. Defendant Ashtabula Area Schools is obligated to train and enforce policies of its intervention specialists to ensure that citizens are not subjected to inappropriate and abusive misconduct.

87. Defendant Ashtabula Area Schools is obligated to ensure that its educators understand the consequences of misconduct.

88. Defendant Ashtabula Area Schools is obligated to be educated about the rights of children and their right not to be wrongfully detained, harassed and battered by its employees.

89. Defendant Ashtabula Area Schools knew or should have known that the hiring of Six was inadequate.

90. Defendant Ashtabula Area Schools knew or should have known that the training of Six was inadequate based on her background and prior issues.

91. The acts and conduct of Ashtabula Area Schools in failing to ensure that Six was adequately trained arose out of the deliberate indifference of Ashtabula Area Schools and was in wanton and reckless of the rights and feelings of John Doe.

92. As a result of the failure of Ashtabula Area Schools to adequately provide sufficient training concerning the rights of diverse children and those with disabilities, John Doe has suffered and will continue to suffer substantial emotional pain, physical pain and suffering.

93. The acts and conduct of Defendants have been wanton and reckless.

94. The acts and conduct of Defendants demonstrated deliberate indifference to the rights of a mentally disabled child and in derogation of John Doe's rights.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTION DISTRESS
### (CLAIMS AGAINST DEFENDANTS SIX AND CAREY)

95. Plaintiffs reassert the foregoing allegations and incorporate them by reference as if fully set forth herein.

96. Being physically restrained and assaulted by an employee of Ashtabula Area Schools under color of state law was and will continue to be a traumatizing and disturbing experience for any child.

97. Having an educator attack, choke and detain a student by locking them in a bathroom will continue to be a traumatizing and disturbing experience for any child.

98. When an educator holds a position of trust and authority over children, attacks, chokes and locks a student in a bathroom until they clean up their own vomit, an intentional infliction of emotional and mental distress of severe consequence should be expected.

99. By wrongfully restraining John Doe, attacking John Doe, choking John Doe and locking John Doe in a bathroom until he cleaned up his own vomit, Defendant Six knew it would result in serious emotional and mental distress inflicted by her.

100. Defendant Six knew it was likely to inflict serious emotional and mental injury on a child when she harassed, bullied and battered the child.

101. When Six was accused of assaulting John Doe, she lied about the incident and attempted to coerce John Doe to lie about the incident.

102. Carey also attempted to coerce John Doe to lie about the incident.

103. Defendants' actions exceed all reasonable bounds of decency and is intolerable in a civilized community.

104. Defendants' actions proximately caused John Doe's emotional injury, psychological injury, physical injury and loss of quality of life.

105. The mental anguish suffered by John Doe is serious, consequential and should not have to be endured by any child seeking to attend school in a safe environment.

106. The acts and conduct of Defendants were intentional, malicious and in wanton and reckless disregard of the rights and feelings of John Doe.

107. The acts and conduct of the Defendants were undertaken with deliberate indifferences.

108. John Doe has sustained significant emotional injuries arising out of the Defendants' unlawful actions.

**COUNT V**

**ASSAULT AND BATTERY**
**(CLAIMS AGAINST DEFENDANT SIX)**

109. Plaintiffs reassert the foregoing allegations and incorporate them by reference as if fully set forth herein.

110. Defendant Six, while detaining John Doe, dug her nails into his skin, choked John Doe and held John Doe in a bathroom against his will.

111. The attack made John Doe gasp and feel further endangered for his safety.

112. As a result of the acts and conduct of Defendant Six, personally and under color of state law, John Doe suffered physical and emotional injury which he continues to endure and for which Defendants are responsible.

113. Defendants Ashtabula Area Schools and Carey continue to be deliberately indifferent to the suffering caused by Defendant Six.

114. The acts and conduct of Defendant Six were intentional, malicious and in wanton and reckless disregard of the rights and feelings of John Doe.

## COUNT VI

### (CIVIL LIABILITY FOR CRIMINAL ACTS UNDER R.C. 2307.60(A)(1) AND INCLUDING BUT NOT LIMITED TO R.C. 2903.13(A) (CLAIMS AGAINST DEFENDANT SIX)

115. Plaintiffs reassert the foregoing allegations and incorporates them by reference as if fully set forth herein.

116. Under R.C. 2307.60(A)(1), "Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action," including attorneys' fees and punitive damages.

117. R.C. 2903.13(A) provides that "no person shall knowingly cause or attempt to cause physical harm to another…"

118. Defendant Six knowingly caused physical and emotional harm to John Doe.

119. As a direct and proximate result of Defendant Six's unlawful activity, John Doe has suffered and continues to suffer economic and non-economic damages for which Defendant Six is liable.

120. Defendant's conduct was intentional, malicious, willful, and in complete and conscious disregard for John Doe's legal rights, entitling John Doe to both compensatory and punitive damages.

## COUNT VII

## FALSE IMPRIONSMENT
## (CLAIMS AGAINST DEFENDANT SIX)

121. Plaintiffs reassert the foregoing allegations and incorporate them by reference as if fully set forth herein.

122. Defendant Six confined John Doe intentionally and without privilege to do so when she locked him in the bathroom.

123. John Doe did not consent to being held in the bathroom.

124. John Doe was held in a limited area.

125. John Doe was held in the bathroom for numerous minutes while he begged to be released.

126. John Doe was repeatedly brought back to the bathroom after he was able to escape and was caught by Six.

127. As a result of the acts and conduct of Defendant Six, personally and under color of state law, John Doe suffered physical and emotional injury which he continues to endure and for which Defendants are responsible.

128. Defendants Ashtabula Area Schools and Carey continue to be deliberately indifferent to the suffering caused by Defendant Six

129. The acts and conduct of Defendant Six were intentional, malicious and in wanton and reckless disregard of the rights and feelings of John Doe.

WHEREFORE, Plaintiffs urge this Court to grant the following relief:

A. Declare that the acts and conduct of the Defendants constitute violations of the Fourteenth Amendment to the Constitution of the United States, and the Fourth Amendment to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983;

B. Preliminarily and permanently enjoin the Defendants, their representatives and all others working in concert with them from engaging in the future in the actions which have the purpose or effect of depriving citizens of rights insured under the Fourth Amendment and the Fourteenth Amendment;

C. Grant to the Plaintiff and against the Defendants appropriate compensatory damages;

D. Grant to Plaintiff against Defendants Six and Carey, appropriate compensatory, exemplary and punitive damages;

E. Grant to the Plaintiff and against Defendants a reasonable attorney fee and costs as provided by federal statute;

F. Grant any additional relief the Court deems just, equitable and in the public interest.

| *s/Avery Friedman* | *s/Jared S. Klebanow* |
|---|---|
| Avery Friedman  (0006103) | Jared S. Klebanow  (0092018) |
| AVERY FRIEDMAN & ASSOCIATES | KLEBANOW LAW, LLC |
| 701 The City Club Building | 701 The City Club Building |
| 850 Euclid Avenue | 850 Euclid Avenue |
| Cleveland, Ohio  44114 | Cleveland, Ohio 44114 |
| P: (216) 621-9282 | P: (216) 621-8230 |
| avery@lawfriedman.com | jklebanow@klebanowlaw.com |
| fairhousing@gmail.com | |

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand trial by jury.

/s/Jared Klebanow
Jared Klebanow