IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SILVAGGIO, et al., | ) |
|     Plaintiffs, | ) Case No. 22-cv-862 <br> ) <br> ) Judge Dan Aaron Polster |
| v. | ) <br> ) **OPINION & ORDER** |
| ASHTABULA AREA CITY SCHOOLS BOARD OF EDUCATION, et al., | ) <br> ) <br> ) |
|     Defendants. | ) |

Before the Court are two motions to partially dismiss the complaint (collectively, the "Motions"), the first by Defendant Shawntel Six (ECF Doc. 9) and the second by Defendants Ashtabula Area City Schools Board of Education and Janie Carey (collectively, the "School District Defendants") (ECF Doc. 12). Now, for the following reasons, the Motions are denied.

### BACKGROUND[1]

The instant case arises from a school disciplinary incident that turned physically abusive when Defendant Shawntel Six choked and scratched non-party John Doe, a third-grade student at Michigan Primary School in the Ashtabula Area City School District. ECF Doc. 1 at ¶¶ 13-14, 19, 22, 30-31. At the time of the incident, Mr. Doe was a special-needs student with several learning disabilities and autism spectrum disorder, and Ms. Six was an intervention specialist responsible for assisting special-needs students within Mr. Doe's district. *Id.* ¶ 9, 15, 17.

Much of the alleged abuse occurred inside a school restroom, where Ms. Six took Mr. Doe to discipline him for playing in a ball pit. *Id.* ¶¶ 18-21. Once inside the restroom, Ms. Six screamed at Mr. Doe and choked him until he vomited on the restroom floor. *Id.* ¶¶ 22-23. Ms. Six then

---
[1] Given the case's procedural posture, the Court takes the following background facts from the complaint (ECF Doc. 1) and assumes that the allegations asserted therein are true. *See Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 851 (N.D. Ohio 2018).

directed Mr. Doe to clean up his vomit, shut him inside the restroom, and instructed him not to come out. *Id.* ¶¶ 24-26. After his pleas to be released went unanswered, Mr. Doe escaped from the restroom three times, but Ms. Six repeatedly dragged Mr. Doe back into the restroom by grabbing his neck and digging her fingernails into his skin until Mr. Doe bled. *Id.* ¶¶ 27-35. Mr. Doe then remained the restroom and prayed until Ms. Six eventually released him. *Id.* ¶¶ 36-37.

Thereafter, Mr. Doe's parents, Plaintiffs Michael and Amy Silvaggio, brought the instant case against Ms. Six and the School District Defendants on Mr. Doe's behalf. *Id.* ¶¶ 7, 12. As relevant here, the complaint asserts a Fourth Amendment violation against all Defendants in Count II and a claim for Civil Liability for Criminal Assault under O.R.C. §§ 2307.60 and 2903.13(A) against Ms. Six in Count VI. *Id.* at ¶¶ 74-80, 115-20.

All Defendants seek partial dismissal of the complaint under Rule 12(b)(6): both Ms. Six and the School District Defendants seek dismissal of Count II, and Ms. Six also requests dismissal of Count VI. *See* ECF Docs. 9, 12. Plaintiffs have filed briefs in opposition to the Motions, and Defendants have submitted reply briefs. ECF Docs. 11, 14, 16, 25. The Court has reviewed the parties' briefing and now concludes that the Motions must be denied.

## STANDARD OF REVIEW

When deciding a Rule 12(b)(6) motion to dismiss, the district court's function is to test the legal sufficiency of the complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). A district court, thus, must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Shoup v. Doyle*, 974 F. Supp. 2d 1058, 1071 (S.D. Ohio 2013) (citing *Handy–Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012)). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## ANALYSIS

A. **Count II**

Turning first to Count II, the Court can easily conclude that dismissal of the Fourth Amendment claim is not warranted because both Ms. Six and the School District Defendants have conceded that Count II states a plausible claim for unlawful seizure. *See* ECF Docs. 14, 25. Defendants initially argued that Count II must be dismissed because a stand-alone claim of excessive corporal punishment against public school official must be brought under the Fourteenth Amendment, not the Fourth Amendment. ECF Docs. 9, 12.[2] However, in their response briefs, Plaintiff made clear that the Fourth Amendment claim was premised upon Mr. Doe's seizure and detention in the restroom, and the Defendants then conceded the point in their reply briefs. ECF Docs. 11, 14, 16, 25.

Moreover, the Court agrees that Count II states a plausible claim for unlawful seizure. Indeed, it is well settled that a claim of unreasonable seizure by a public-school official must be brought under the Fourth Amendment, and the reasonableness of a school-based seizure is determined by considering whether the seizure was "excessively intrusive in light of the student's age and sex and the nature of the infraction." *New Jersey v. T.L.O.*, 469 U.S. 325, 334 (1985); *see also Crochran ex rel. Shields v. Columbus City Schs.*, 748 F. App'x 682, 685-86 (6th Cir. 2018) (applying the *T.L.O.* standard to a school-based seizure.). Count II alleges sufficient facts to maintain the Fourth Amendment claim—namely that Ms. Six was acting as a school official when she used violent and unreasonable force to seize and exercise disciplinary control over Mr. Doe, a

---

[2] Defendants are correct that an excessive corporal punishment claim must be brought under the Fourteenth Amendment, not the Fourth Amendment. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724-25 (6th Cir. 1996). Thus, Plaintiffs must pursue any claim of excessive corporal punishment as a Fourteenth Amendment violation under Count I. Still, the Court recognizes that the manner by which Ms. Six obtained disciplinary control over Mr. Doe is relevant to the Fourth Amendment's reasonableness analysis, such that an unreasonable seizure claim is likely to share some allegations with an excessive corporal punishment claim.

third grader and special-needs student, for a minor infraction. ECF Doc. 1 at ¶¶ 74-83. Accordingly, Plaintiffs may proceed on the Fourth Amendment claim, and the Motions are denied with respect to Count II.

**B.     Count VI**

Turning next to Count VI, Ms. Six further seeks Rule 12(b)(6) dismissal of the claim for Civil Liability for Criminal Assault under O.R.C. §§ 2307.60 and 2903.13(A). She first asserts that Count VI fails on its face because Section 2307.60 does not create a stand-alone cause of action. ECF Doc. 9 at 6-7. Ms. Six alternatively argues that, even if Section 2307.60 does create a cause of action, Count VI still must be dismissed because it seeks civil recovery for an alleged criminal assault under Section 2903.13(A) and is, therefore, duplicative of the claim for civil assault and battery in Count V. ECF Doc. 14 at 2-3.

Yet, Ms. Six has not identified any viable legal support for her request to dismiss Count VI. As an initial matter, Ms. Six's argument that Section 2307.60 does not create an independent cause of action has been flatly contradicted by a recent Supreme Court of Ohio decision. *See Jacobson v. Kaforey*, 149 Ohio St.3d 398, 400-01 (2016). Thus, Plaintiffs have appropriately pleaded a separate cause of action under this statute. Furthermore, Ms. Six's argument that Counts V and VI are duplicative because both involve assault allegations is incorrect. Rather, civil assault and battery have different elements than that of criminal assault: the torts require proof of an intent to cause harmful or offensive contact, whereas the crime involves a knowing act or attempt to cause physical harm. *See Krewina v. United Specialty Ins. Co.*, 2021-Ohio-4425, 2021 WL 5984342, at *3 (Ohio Ct. App. Dec. 17, 2021) (comparing the elements of civil assault and battery with the elements of criminal assault). Moreover, plaintiffs often pursue both a claim for civil assault and battery and a claim for civil recovery for criminal assault. *See, e.g.*, *Davis v. Cornely*,

21-CV-717, 2021 WL 4805119, at *1 (N.D. Ohio Oct. 14, 2021); *Settles v. The City of Garfield Hts.*, 20-CV-1631, 2020 WL 5798364, at *1 (N.D. Ohio Sept. 29, 2020). The Court can perceive no reason why Plaintiffs should not be permitted to do so here.

The Court further concludes that Plaintiffs have stated a plausible claim under Sections 2307.60 and 2903.13(A). Count VI alleges that Ms. Six knowingly caused physical harm to Mr. Doe by choking and scratching him, and these allegations are sufficient to make out the elements of criminal assault. ECF Doc. 1 at ¶¶ 115-20; *see also* O.R.C. § 2903.13(A). Following *Jacobson*, Plaintiffs may, in turn, seek civil recovery for the alleged criminal assault under Section 2307.60. Accordingly, Ms. Six's motion is denied with respect to Court VI, and any potential for duplicative recovery under Counts V and VI will be addressed at the appropriate juncture.

## CONCLUSION

Therefore, for the forgoing reasons, Defendant Shawntel Six's Motion to Partially Dismiss Plaintiff's Complaint (ECF Doc. 9) is **DENIED**, and the School District Defendants' Partial Motion to Dismiss (ECF Doc. 12) is **DENIED**.

**IT IS SO ORDERED.**

**Dated:** August 12, 2022

*/s/ Dan Aaron Polster*
**Dan Aaron Polster**
**United States District Judge**